# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **DWIGHT LEDLOW,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 6:14-CV-816-VEH** |
| | ) |
| **CAROLYN COLVIN, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

David M. Andres ("Mr. Andres"), attorney for Plaintiff Dwight Ledlow, has moved for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $15,000.00 for 16.4 hours of work. (Doc. 17 at 3). On October 27, 2016, Defendant filed her response (doc. 19) to Plaintiff's Motion, asserting that "the amount Plaintiff's attorney has requested is not reasonable and, if awarded, would constitute a windfall." (Doc. 19 at 2). The Court has undertaken its duty to independently review the reasonableness of the fee and concludes that the fee is not reasonable. The motion is due to be **GRANTED**, although the fee award will be reduced.

Subparagraph 406(b)(1)(A) provides that "[w]henever a court renders a

judgment favorable to a [represented] claimant . . . the court may determine and allow . . . a reasonable [attorney's fee], not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Where the claimant and his attorney have executed a contingent-fee agreement, the Supreme Court has interpreted subsection 406(b) as requiring district courts to conduct a two-step analysis. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). First, the court calculates whether the requested award falls "within the 25 percent limit." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). If so, the agreement is presumptively reasonable. In step two, the court must consider whether "the fee sought is [actually] reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, and, if not, the presumption is overcome. Where the presumption is overcome, the court may award a fee that is reasonable in its judgment. *See id.*

The standard set out in *Gisbrecht* is a framework that has been subsequently bolstered by Courts of Appeals.[1] "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson,* 601 F.3d at 1271 (citation omitted). Substandard

---

[1] *Gisbrecht* purported to resolve a circuit split over whether contingency agreements or the lodestar method were the appropriate means of determining attorney's fees under the Social Security Act.

representation, among other things, includes a complaint "submitted on boilerplate pleadings," where "no issues of material fact are present," and where "no legal research is apparent." *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

The reasonable fee reflects an enhancement, compared to the market rate for similar work, based on the risk of non-payment, because "payment for an attorney in a social security case is inevitably uncertain." *Wells v. Sullivan*, 907 F.2d 367, 370–71 (2d Cir. 1990). On the other hand, the quality of counsel and hours expended are weak factors for assessing an award's reasonableness; they "bear little if any relationship to the results [*i.e.*, award amount] achieved." *Rodriquez*, 865 F.2d at 747. But the award must not be so disproportionate to the work performed that it gives the perception that counsel has won the Social Security lottery. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (prohibiting a "windfall"); *cf. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 559 (2010) (fee shifting statutes do not exist to enrich counsel).

Certain policy considerations should also inform the court's judgment. Section 406 was enacted "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees." *Dawson v. Finch,* 425

F.2d 1192, 1195 (5th Cir. 1970).[2] Contingent fees, in particular, "provide[] a critical incentive for able attorneys to practice in the social security field." *Wells*, 907 F.2d at 371. At the same time, the court's review is the only defense for claimants, s*ee Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006), against the gutting of their statutory entitlement by the "specialized Social-Security bar [that] charges uniform contingent fees (the statutory maximum of 25%), which are presumably presented . . . on a take-it-or-leave-it-basis." *Gisbrecht*, 535 U.S. at 812 (Scalia, J., dissenting).

Applying the above-stated principles, the court finds a valid contingent fee agreement set at or below the statutory maximum contingency. (*See* doc. 17 at 3). Proceeding to step two, Mr. Andres included an itemization of the hours he worked on the case, cumulating in a total of 16.4 hours. (Doc. 17-3). As for the lodestar, $15,000.00 divided over 16.4 hours comes out to about $914.63 per hour. (*See* Doc. 19 at 4). This is a windfall. The court is of the opinion that $250 per hour is a more accurate reflection of the market rate in this district for this kind of work, and the plaintiff's filings were average quality compared to the Social

---

[2] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding on all federal courts in the Eleventh Circuit).

Security filings in this district. A rate of $250 per hour, multiplied by 16.4 hours, totals $4,100.00. Taking account of the required enhancement for the uncertainty of recovery, $6,150.00 appears to be a reasonable figure.

Accordingly, the motion is **GRANTED** as modified. It is **ORDERED** that attorney's fees in the amount of $6,150.00 be awarded to David M. Andres.

**DONE** this 4th day of November, 2016.

                                                            **VIRGINIA EMERSON HOPKINS**
                                                            United States District Judge